UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WILLIE LEWIS | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:14-1258 |
| | ] | Judge Sharp |
| JAMES HOLLOWAY, Warden | ] | |
| Respondent. | ] | |

### O R D E R

The Court has before it a *pro se* prisoner petition (Docket Entry No.1) under 28 U.S.C. § 2254, for writ of habeas corpus, and an application (Docket Entry No.2) to proceed in forma pauperis.

The application shows that the petitioner lacks sufficient financial resources from which to pay for the costs of the action. Therefore, the Clerk is directed to file the petition in forma pauperis. 28 U.S.C. § 1915(a).

The petitioner is an inmate at the Charles Bass Correctional Complex in Nashville. He brings this action against James Holloway, Warden of the facility, challenging the legality of an aggravated robbery conviction entered against him in Shelby County.[1]

Under 28 U.S.C. § 2241(d), a habeas petitioner may file in either the judicial district where the petitioner was convicted or

---

[1] Shelby County lies within the Western Division of the United States District Court for the Western District of Tennessee. 28 U.S.C. § 123(c)(2).

the judicial district where he is currently incarcerated. Therefore, venue for this action is proper in both the Western and Middle Districts of Tennessee.

A petitioner's place of confinement, however, may change from time to time while the district of his conviction will remain constant. For that reason, it has been the consistent practice in the federal courts of Tennessee to transfer habeas petitions to the judicial district in which the convicting court is located.

In this case, it appears that the Western District is the situs of the petitioner's conviction. Accordingly, the Clerk will TRANSFER this action to the United States District Court for the Western District of Tennessee, Western Division at Memphis, Tennessee. 28 U.S.C. § 1404(a).

It is so ORDERED.

_____
Kevin H. Sharp
United States District Judge